OPINION
{¶ 1} Plaintiffs-appellants, Dale Anthony, Judy Jones, and Vivian Anthony (collectively "appellants"), appeal the April 7, 2003 judgment entry of the Lake County Court of Common Pleas granting summary judgment in favor of defendant, Coregis Insurance Company ("Coregis"). Appellants seek uninsured/underinsured ("UM/UIM") motorist coverage under a commercial auto policy issued by Coregis to Dale Anthony's employer, the Lake County Board of Commissioners. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On July 29, 2001, appellants were occupants of a vehicle owned and operated by Dale Anthony on Route 20 in Madison Township. Dale's vehicle was struck by a vehicle operated by defendant, Franklin Titus, injuring appellants, particularly Vivian Anthony. Titus was cited for driving under the influence and his liability for the collision is not disputed. Titus was covered by a Nationwide Insurance policy with liability limits of $50,000 per person and $100,000 per accident. Pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. LibertyMut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, appellants sought UM/UIM benefits through Dale Anthony's employer from Coregis. Appellants filed suit against Coregis and Titus. Coregis and appellants both moved for summary judgment. The trial court denied appellants' motion and granted Coregis' motion. Thereafter, appellants settled their claims against Titus and timely appealed the judgment granting Coregis summary judgment.
 {¶ 3} Appellants raise the following assignment of error: "The trial court erred in granting summary judgment to the defendant and denying the plaintiffs' request for summary judgment."
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389 (citation omitted). A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336 (citation omitted). An appellate court also applies the de novo standard when it reviews a trial court's interpretation of a contract. Clem v. Steiner, 11th Dist. No. 2002-P-0056, 2003-Ohio-4865, at ¶ 15. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 5} The Ohio UM/UIM endorsement contained in the Coregis policy provides that, where the named insured is a "corporation or any other form of organization," "[a]nyone `occupying' a covered `auto'" is an insured for the purpose of UM/UIM coverage.[1] The Coregis policy defines a covered auto for the purposes of UM/UIM coverage as "Owned `Autos' Only — Only those `Autos' you own." The Coregis policy further provides that "[t]hroughout this policy, the words `you' and `your' refer to is added to the Section II — Liability Coverage, the Named Insured shown in the Declarations." According to these provisions, appellants are only entitled to UM/UIM coverage if they were occupying a covered auto, i.e., an auto owned by the Lake County Board of Commissioners, at the time of their injuries.
 {¶ 6} We find, as the court did below, that it is undisputed that the vehicle occupied by appellants was owned by Dale Anthony and that he was operating this vehicle outside the course and scope of his employment. Since the Lake County Board of Commissioners is the named insured on the Coregis policy, appellants were not occupying a "covered auto," i.e. one owned by the Board, under the terms of the policy. Accordingly, appellants are not entitled to UM/UIM coverage under the Coregis policy.Hoepker v. Zurich Am. Ins. Co., 3rd Dist. No. 14-03-18, 2003-Ohio-5138, at ¶¶ 14-16 (where a policy providing UM/UIM for "owned autos only" lists a corporation as the named insured, an employee is only entitled to coverage if occupying a vehicle owned by the corporation); Governale v.Sprecher, 12th Dist. No. CA2002-10-112, 2003-Ohio-2376, at ¶¶ 31-32 (employee injured while operating his own vehicle was not entitled to UM/UIM coverage where the policy defined a covered auto as "only those autos you own" and defined "you" as the named insured/employer);Lumbermens Mut. Cas. Co. v. Xayphonh, 9th Dist. No. 21217, 2003-Ohio-1482, at ¶¶ 34-35 (where the police defined "covered auto" as autos that "you own," employee had to be occupying a vehicle owned by the employer/named insured to be entitled to coverage); Alexander v. Seward,
4th Dist. No. 02CA2658, 2002-Ohio-6348, at ¶ 21 ("[b]y the plain language of the policy, an individual is an insured only when operating or occupying a covered auto"); Egelton v. United States Fire Ins. Co.,
5th Dist. No. 2002CA00157, 2002-Ohio-6176, at ¶ 21 ("[a]lthough the `you' may very well be an employee of the named insured, the `you' is only an insured when in a `covered auto'").
 {¶ 7} Appellants maintain that the issue of coverage does not revolve "solely around the definition of `you' or `covered auto'," but the interpretation of these phrases as used within an "Employees as Insureds" endorsement contained in the Coregis policy. This endorsement provides as follows: "The following is added to the Section II — Liability Coverage,
Paragraph A.1 Who Is An Insured Provision: Any `employee' of yours is an `insured' while using a covered `auto' you don't own, hire or borrow in your business or your personal affairs."
 {¶ 8} Appellants' reliance on this endorsement is unavailing. Even were we to construe this endorsement to extend the scope of UM/UIM coverage, appellants would still not be entitled to coverage. The endorsement clearly and unambiguously requires that the employee must be using the non-owned covered auto "in your business or your personal affairs." As demonstrated above, "you" in this context means the Lake County Board of Commissioners, not Dale Anthony. Therefore, Dale Anthony would only be entitled to coverage under this endorsement if the accident occurred while he was engaged in the business or affairs of the Lake County Board of Commissioners. Since it is undisputed in the present case that Dale Anthony was not in the course and scope of his employment with the Lake County Board of Commissioners at the time of the accident, the appellants do not qualify as insureds under this endorsement. Acree v. CNAIns. Cos., 1st Dist. No. C-020710, 2003-Ohio-3043, at ¶ 10 (denying coverage under a similar "Employee as Insureds" endorsement where the employee was not in the course and scope of his employment); Heath v. TheFid. Cas. Co. of New York, 9th Dist. No. 21221, 2003-Ohio-1303, at ¶¶ 28-35 (same), affirmed by In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888, at ¶ 22.
 {¶ 9} By arguing that "you," as used in the definition of a "covered auto" and as used in the phrase "your business or your personal affairs," includes employees (and their family members) whether or not, at the time of injury, they were in their capacity as employees, appellants are attempting to expand the now discredited rationale of Scott-Pontzer. InWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court greatly limited the value of Scott-Pontzer. InGalatis, the court held that, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus. Therefore, it was not necessary for Coregis to expressly limit UM/UIM coverage to covered autos used in the course and scope of the named insured's business. Regardless of what definition of a covered auto this court were to apply, appellants are not entitled to coverage because the loss was not sustained by employees of the Lake County Board of Commissioners in the course and scope of their employment. Nothing in the Coregis policy, the case law, or R.C. 3937.18 alters this result.
 {¶ 10} Considered in its totality, the purpose of the Coregis policy is to provide automobile insurance coverage for vehicles owned by the Lake County Board of Commissioners and for employees of the Lake County Board of Commissioners when engaged in the course and scope of their employment. The purpose of the policy is not, as appellants would have us interpret it, to provide UM/UIM coverage for off-duty employees as a supplement to or in lieu of their own personal automobile insurance coverage.
 {¶ 11} The decision of the Lake County Court of Common Pleas granting summary judgment in favor of Coregis is affirmed.
Christley, J., O'Neill, J., concur.
[1] Appellants point out that two different versions of the Coregis policy exist. The first was obtained through informal discovery by the appellants prior to filing suit and was attached to the complaint. The second was attached to Corregis' motion for summary judgment. Neither version of the policy contains an authenticating affidavit. Civ.R. 56(E). Although the policies are not identical, all the provisions relied upon in this opinion are contained in both policies.